IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01051-GPG

GREGORY EVANS,

    Applicant,

v.

[NO RESPONDENTS NAMED],

    Respondents.

## ORDER DISMISSING CASE

    Applicant, Gregory Evans, is an inmate at the Denver Reception and Diagnostic Center in Denver, Colorado.  Mr. Evans submitted to the Court *pro se* a document titled "Affidavit of Negative Affirmative Averment" (ECF No. 1).  Although not entirely clear, it appeared that Mr. Evans may have intended to initiate a habeas corpus action.  The instant action was commenced and, on May 18, 2015, Magistrate Judge Gordon P. Gallagher entered an order directing Mr. Evans to cure certain deficiencies if he wished to pursue any habeas corpus claims.  In particular, Mr. Evans was directed to file an application for a writ of habeas corpus and either to pay the $5.00 filing fee or to file a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Magistrate Judge Gallagher also advised Mr. Evans that, if it was not his intention to initiate a habeas corpus action, he should advise the Court of that fact and this action would be dismissed.

    Mr. Evans has not cured the deficiencies.  Instead, on May 28, 2015, he filed a

letter (ECF No. 4) asking the Court to dismiss this action without prejudice.  The Court construes the letter filed on May 28 as a notice of voluntary dismissal.

Pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, Mr. Evans "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  No response has been filed by any opposing party in this action.  A voluntary dismissal pursuant to Rule 41(a)(1)(A) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary.  *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).  The notice closes the file.  *See Hyde Constr. Co.*, 388 F.2d at 507.  Accordingly, it is

ORDERED that the instant action is dismissed without prejudice pursuant to the letter (ECF No. 4) that the Court construes as a notice of voluntary dismissal.

DATED at Denver, Colorado, this   29th   day of    May          , 2015.

BY THE COURT:


    s/Lewis T. Babcock
    LEWIS T. BABCOCK, Senior Judge
    United States District Court